JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARK E. DILLON and ROSEMARY DILLON, h/w

**(b)** County of Residence of First Listed Plaintiff: Montgomery, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Derek R. Layser, Friedman Schuman, P.C.
101 Greenwood Ave., 5th Floor, Jenkintown, PA 19046
215-690-3817

## DEFENDANTS
JAMES S. IRWIN and PRIME SERVICES, LLC

County of Residence of First Listed Defendant: Somerset, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane | **PERSONAL INJURY** — ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/22/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK E. DILLON and ROSEMARY DILLON, h/w, <br><br> **Plaintiffs** <br><br> v. <br><br> JAMES S. IRWIN and PRIME SERVICES, LLC, <br><br> **Defendants** | CASE NO.: _____ <br><br><br> CIVIL ACTION <br><br> JURY TRIAL DEMANDED |

## CIVIL ACTION-COMPLAINT

**I. NATURE OF ACTION**

1. Plaintiffs Mark E. Dillon and Rosemary Dillon bring this action against defendants James S. Irwin and Prime Services, LLC as a result of a vehicular accident that occurred in Somerset County, New Jersey on April 5, 2017.

**II. PARTIES**

2. Plaintiffs Mark E. Dillon and Rosemary Dillon, husband and wife, are adult individuals and citizens of the Commonwealth of Pennsylvania with a residence located at 101 Dorp Circle, Norristown, PA 19401.

3. Defendant James S. Irwin is an adult individual and citizen of the State of New Jersey with a residence located at 224 Grove Street, Apt. B, Somerville, NJ 08876.

4. Defendant Prime Services, LLC is a limited liability company duly organized and existing under and pursuant to the laws of the State of New Jersey with a principal place of business located at 224 Grove Street, Apt. B, Somerville, NJ 08876.

5. At all times relevant hereto, defendant James S. Irwin was a member, director, officer, manager and/or employee of defendant Prime Services, LLC.

### III. JURSIDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and there is complete diversity of citizenship among the parties.

7. Venue is properly laid in the District of New Jersey because the subject accident occurred in and most of the witnesses are located in Somerset County, New Jersey.

8. Plaintiffs demand a trial by jury.

### IV. OPERATIVE FACTS COMMON TO ALL COUNTS

9. On or about April 5, 2017, plaintiff Mark E. Dillon, who was riding a motorcycle, was making a right turn from the property of the America's Best Value Inn in Bridgewater, NJ onto U.S. Route 22 West when he was struck by a truck and trailer owned and/or operated by defendant Prime Services, LLC and driven by defendant James S. Irwin.

10. As a direct result of the impact, Mr. Dillon, who was thrown from the motorcycle, sustained serious injuries, including injuries to his left leg which ultimately necessitated amputation.

11. The accident was caused solely by the carelessness and negligence of the defendants, as set forth below, and was in no way caused by any careless or negligent act or omission on the part of plaintiff Mark E. Dillon.

**COUNT I**
**Negligence**
**Plaintiff Mark E. Dillon v. Defendants James S. Irwin and Prime Services, LLC**

12. Plaintiffs incorporate by reference the averments contained in the above paragraphs as though fully set forth herein at length.

13. At all times relevant hereto, defendant Prime Services, LLC acted by through its duly authorized agents, servants, workmen and/or employees, including but not limited to defendant James S. Irwin, all of whom acted within the course and scope of their employment, agency and/or servantship.

14. Accordingly, defendant Prime Services, LLC is vicariously liable for defendant James S. Irwin's negligence under the doctrine of *respondeat superior*.

15. Plaintiff Mark E. Dillon's injuries and damages were caused by the negligent and careless conduct, acts and/or omissions on the part of the defendants, by and through their employees, agents, servants and/or workmen, in:

(a) failing to operate a motor vehicle in a careful and cautious manner;

(b) failing to maintain a motor vehicle under proper and adequate control;

(c) operating a motor vehicle without regard for the safety and position of plaintiff Mark E. Dillon;

(d) failing to maintain a proper lookout ahead;

(e) improperly changing lanes;

(f) improperly changing lanes without activating a turn signal;

(g) improperly changing lanes without clearance for a motor vehicle's trailer;

(h) failing to stop a motor vehicle in sufficient time to avoid the collision;

(i) driving inattentively while operating a motor vehicle;

(j) traveling at an excessive rate of speed;

(k) failing to exercise the judgment, care and skill of reasonable persons under similar circumstances; and

(l) such other negligent and careless conduct, acts and/or omissions as may be revealed upon further investigation and/or discovery in this action.

16. As a direct result of the negligent and careless conduct, acts and/or omissions on the part of the defendants, plaintiff Mark E. Dillon suffered the following injuries, conditions and damages, some or all of which may be permanent in nature:

(a) severe injuries to left leg necessitating amputation;

(b) medical expenses;

(c) pain and suffering;

(d) emotional distress, anxiety, anguish and humiliation;

(e) loss of wages and impairment of earnings capacity;

(f) other economic damages;

(g) permanent disfigurement;

(h) loss of life's pleasures;

(i) other injuries and conditions as documented in plaintiff Mark E. Dillon's medical records;

(j) past pain and suffering;

(k) future pain and suffering;

(l) past lost earnings;

(m) future wage loss;

(n) loss of earning capacity;

(o) phantom limb pain;

(p) need for therapies;

(q) need for rehabilitation;

(r) past medical expenses;

(s) embarrassment;

 (t) need for surgery; and

 (u) need for prosthetic leg.

WHEREFORE, Plaintiffs Mark E. Dillon and Rosemary Dillon demand judgment in their favor against defendants James S. Irwin and Prime Services, LLC, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit, together with such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT II
### Loss of Consortium
### **Plaintiff Rosemary Dillon v. Defendants James S. Irwin and Prime Services, LLC**

17. Plaintiffs incorporate by reference the averments contained in the above paragraphs as though fully set forth herein at length.

18. At all times relevant hereto, defendant Prime Services, LLC acted by through its duly authorized agents, servants, workmen and/or employees, including but not limited to defendant James S. Irwin, all of whom acted within the course and scope of their employment, agency and/or servantship.

19. As a direct result of the negligent and careless conduct, acts and/or omissions on the part of the defendants, as set forth above, plaintiff Rosemary Dillon has suffered consequential damages and has been deprived of her husband's full financial support, aid, assistance, society, care, comfort, companionship, and has otherwise suffered a loss of consortium.

WHEREFORE, Plaintiffs Mark E. Dillon and Rosemary Dillon demand judgment in their favor against defendants James S. Irwin and Prime Services, LLC, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit, together with such other relief as this Honorable Court deems just and proper under the circumstances.

                                                        **FRIEDMAN SCHUMAN, P.C.**

Date: \_\_\_3/21/19\_\_\_      By: \_\_\_\_/s/ Derek R. Layser\_\_\_\_
                                                               Derek R. Layser
                                                               101 Greenwood Avenue, 5th Floor
                                                               Jenkintown, PA 19046
                                                               P: 215-690-3817
                                                               E: dlayser@fsalaw.com
                                                               *Attorney for Plaintiffs*